UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.   2:04-cr-165-A |
| | ) | WO |
| JEREMY T. "CHUNKY" MANN | ) | |
| | ) | |

**ORDER ON MOTION FOR DETENTION PENDING TRIAL**

Pursuant to Defendant's *Motion to Set Bond* (Doc. 24, May 23, 2005), the court scheduled a detention hearing at 11:30 a.m. on May 31, 2005. After due consideration of the evidence and arguments presented, and pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), the court now concludes that the Government's Motion for Detention Hearing, construed as a *Motion for Detention* (Doc.26, May 31, 2005) is due to be GRANTED.

**Part I - Findings of Fact**

A one-count indictment filed August 17, 2004, charges the defendant with possession with intent to distribute 46.8 grams of methamphetamine on or around November 14, 2003. He has been in state custody for the past 10 months pursuant to a drug-related conviction on which he is scheduled to be paroled on May 31, 2005. Trial on the federal indictment is set on the August 29, 2005 term, and both the defendant and his defense counsel have reported his intent to plead guilty. Evidence of the defendant's long-term addiction to methamphetamine and the lack of any significant treatment recently for such addiction compel a finding that his release poses a serious risk that he will not appear as required and will act on his addiction in a manner which poses a danger to himself, his family, and the community.

**Part II - Written Statement of Reasons for Detention**

Testimony from the 27-year old defendant confirms that his long-term addiction to methamphetamine is the underlying cause of a criminal history dominated by drug-related convictions in city and state courts commencing in 2003. On April 9, 2004, he plead guilty in the Shelby County Circuit Court to possession of controlled substances and was given an opportunity to attend Drug Court. Upon his termination from a fast-food restaurant, he lost his privilege for Drug Court, and was sentenced on August 27, 2004, to a 3-year prison term, from which he is being paroled after approximately 10 months. Although the defendant has enrolled in prison ministries and programs designed for drug offenders, and he was an inpatient for approximately 6 weeks in the summer of 2004 at a drug rehabilitation clinic, he has not received any intensive rehabilitation sufficient to help him overcome his drug addiction.

Given the evidence that methamphetamine addiction is particularly harmful and dangerous and difficult to overcome without intensive treatment – all confirmed by the professional judgment of the chief probation officer who testified – the court is duly concerned that this defendant does not yet have the skills to match his will not to yield to the temptation of resuming drug use. While his mother – who already has custody of the defendant's nearly three-year old son– testified compellingly to her willingness to provide her son a home and support, the defendant's untreated addiction presents too much of a danger even to his family, Moreover, from the case agent, the court received relevant details about the defendant's drug activity leading up to his indictment; such testimony suggests that the defendant, if released, may have the means and mobility to resume travel to secure methamphetamine for his personal use and distribution. The evidence with regard to defendant's substance abuse history, his untreated methamphetamine addiction, and the nature of

the pending offense, is compelling that there are no conditions or a combination of conditions that can be fashioned to reasonably ensure his appearance as required and the safety of the community.

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 1st day of June, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE